IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA,                §
                                         §
                    Plaintiff,           §
                                         §
v.                                       §     CRIMINAL NUMBER H-15-564-S3
                                         §
JOSEPH ALBERTO LOPEZ,                    §
et al.,                                  §
                                         §
                    Defendants.          §

## MEMORANDUM OPINION AND ORDER

Pending before the court are Defendant Mike Bueno's Motion for Trial in the McAllen Division ("Bueno's Motion to Transfer") (Docket Entry No. 1076), and defendant Jose Rolando Gonzalez's First Amended Motion for Transfer of Case to the McAllen Division Pursuant to Local Criminal Rule 18 ("Gonzalez's First Amended Motion to Transfer") (Docket Entry No. 1082). For the reasons stated below, Bueno's Motion to Transfer and Gonzalez's First Amended Motion to Transfer will be denied.

## I. **Procedural Background**

The Third Superseding Indictment (Docket Entry No. 837) was entered in this case on May 10, 2018. It charges thirty-two defendants with Conspiracy to Participate in Racketeering Activity and various related offenses arising out of illegal activities allegedly committed by members of the Tri-City Bombers ("TCB") criminal organization in South Texas. Over a dozen defendants

remain under indictment. Other defendants have entered into Plea Agreements or have had charges dismissed. Four defendants have already been sentenced; many others await sentencing.

On May 15, 2019, the court entered an Order (Docket Entry No. 1064) citing recently adopted Local Criminal Rule 18 and stating:

> [I]t appears that the charges against many or all of the defendants could be transferred to the McAllen Division of the court. Any parties seeking relief under Rule 18 must file a motion to transfer by June 14, 2019. If the motion is opposed, responses must be filed by July 3, 2019, and replies by July 12, 2019.[1]

The court's May 15, 2019, Order also advised the parties that

> [i]f no defendant, or fewer than all defendants, file a motion to transfer, the court may on its own motion, after an opportunity for the parties to be heard, transfer this action in whole or in part to the McAllen Division.[2]

In June of 2019 defendants Bueno (#5) and Gonzalez (#7) filed the pending motions to transfer this case to the McAllen Division Pursuant to Local Criminal Rule 18 for the convenience of the defendants and witnesses, and for the prompt administration of justice. In addition Bueno requests a hearing, "[i]f the Court deems the Declaration attached to this motion and the records in this case insufficient to demonstrate [that he] is entitled to relief."[3]

---

[1]Order, Docket Entry No. 1064, p. 3. Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system.

[2]Id.

[3]Bueno's Motion to Transfer, Docket Entry No. 1076, p. 15.

In July of 2019 the court entered an Order (Docket Entry No. 1096) directing the Government to include in its response to the court's proposal to transfer, a chart specifying the following information with regard to each defendant who has not pleaded guilty and against whom charges are still pending:

- the location of the defendant's home and the distance of the home from Houston;

- the location(s) where the events underlying the charges asserted against the defendant occurred;

- the names and location of each victim's home and the distance of the home from Houston;

- the names and locations of each expected witness's home and the distance of the home from Houston;

- the location of documents and records expected to be used as evidence;

- the name and address of defendant's counsel;

- any impact the trial location will have on the timely and fair disposition of the case;

- any impact the trial location will have on docket management; and

- any impact the trial location will have on courthouse space and security.[4]

On August 16, 2019, the Government filed Government's Response to the Proposed Intra-District Transfer of the Case to the McAllen Division ("Government's Response") (Docket Entry No. 1115), opposing transfer.

---

[4]Order, Docket Entry No. 1096, pp. 6-7.

On August 27, 2019, defendant Juan Albert Mendez (#31), filed Defendant's Opposition to Intra-District Transfer (Docket Entry No. 1122) opposing transfer, on August 28, 2019, defendant Salomon Robles (#28) filed Salomon Robles' Response to Government's Response to Intra-District Transfer (Docket Entry No. 1123) opposing transfer, and on August 29, 2019, five defendants, Ramon de la Cerda (#26), Luis Alberto Tello (#4), Rolando Cruz (#12), Roberto Cortez (#18), and Roberto Reyes (#25), jointly filed their Opposition to Motion for Transfer to the McAllen Division Pursuant to Local Criminal Rule 18 ("Defendant's Opposition to Transfer") (Docket Entry No. 1125).

## II. **Analysis**

Citing inter alia Dupoint v. United States, 388 F.2d 39, 44 (5th Cir. 1967), United States v. Lipscomb, 299 F.3d 303, 339 (5th Cir. 2002), and United States v. Garza, 593 F.3d 385, 390 (5th Cir. 2010), Bueno and Gonzalez argue that this case should be transferred to the McAllen Division because the defendants and the witnesses are from there and will be inconvenienced by a trial in Houston, the charges asserted against them lack ties to Houston, and the prompt administration of justice favors transfer. The Government and seven other defendants argue that the motions to transfer should be denied because venue is proper in Houston, and because the factors the court must consider weigh against transfer.

## A.    Applicable Law

"In criminal actions, the constitutional unit of venue is the district, not the division." United States v. Alvarado, 647 F.2d 537, 539 (5th Cir. Unit A 1981). See also Lipscomb, 299 F.3d at 337 ("There is no 'divisional' venue in criminal cases. . ."). Defendants seeking intra-district transfer are required to make "a strong showing of prejudice." Lipscomb, 299 F.3d at 339 & n. 171 (citing United States v. Duncan, 919 F.2d 981, 985 (5th Cir. 1990)). Whether to transfer a criminal trial to another division within the district is within the sound discretion of the court and must be determined on the facts of each particular case. Lipscomb, 299 F.2d 3d at 338 ("We review all questions concerning venue under the abuse of discretion standard."). See also Garza, 593 F.3d at 388 (same).

Intradistrict transfers such as that sought by Bueno and Gonzalez are governed by Federal Rule of Criminal Procedure 18, which provides:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Convenience is determined by: (1) the distance from the defendant's home; (2) the location of the defendant's witnesses; and (3) the ability of the defendant's family and friends to attend the trial.

-5-

_Garza_, 593 F.3d at 390. The Fifth Circuit has explained that this factor also requires courts "to consider the convenience of the venue to any victim," _id._ at 389-90 n. 3, and has "acknowledged that the burden on a defendant increases when a transfer forces the defendant's counsel to try a case far from his or her practice." _Id._ at 390 (citing _Lipscomb_, 299 F.3d at 340). "Rule 18's second textual factor — due regard to . . . the prompt administration of justice — is in part a literal command that trials comply with the Speedy Trial Act." _Id._ (internal quotations omitted). The Fifth Circuit has explained that this factor requires courts to "weigh the impact the trial location will have on the timely disposition of the instant case." _Id._ In addition to considerations of convenience and prompt administration of justice, the district court may also consider factors such as speedy trial, docket management, logistics, including courtroom availability, jail space, and adequacy of security, and pretrial publicity. _See_ _United States v. Alvarez_, 561 F. App'x 375, 381 (5th Cir. 2014) (per curiam) (citing _Lipscomb_, 299 F.3d at 340-44. Application of Rule 18 requires the court to balance the relevant factors. _See_ _Alvarado_, 647 F.2d at 540. _See also_ _In re Chesson_, 897 F.2d 156, 159 (5th Cir. 1990) (per curiam) ("In deciding the place of trial within the district the court must balance the statutory factors of the convenience of the defendant and witnesses with the prompt administration of justice.").

-6-

## B. Application of the Law to the Facts

### 1. Convenience of the Defendants, Victims, and Witnesses

#### (a) Convenience of the Defendants

Bueno and Gonzalez argue that a trial in Houston would be inconvenient for them because they lived and worked in the McAllen Division before their arrests, and because attending trial in Houston, which is approximately 350 miles from McAllen, would be inconvenient and expensive for their families and friends.[5] Bueno asserts that his family and friends who will be attending trial lack resources to travel to Houston,[6] and Gonzalez asserts that most of his family and friends and other supporters reside in the McAllen area, and would have to incur high expenses to attend trial in Houston.[7]

The Government argues in response that it will present evidence that "Gonzalez has friends and supporters who reside in the Houston area and that during the time of the charge[d] racketeering conspiracy Gonzalez leased an apartment in Houston where he and other Enterprise members met to discuss Enterprise business."[8] The Government also argues that

---

[5]Bueno's Motion to Transfer, Docket Entry No. 1076, pp. 12-13, and Gonzalez's First Amended Motion to Transfer, Docket Entry No. 1082, pp. 4-5.

[6]Id. at 12.

[7]Gonzalez's First Amended Motion to Transfer, Docket Entry No. 1082, pp. 4-5.

[8]Government's Response, Docket Entry No. 1115, p. 4.

Gonzalez's claim that his family and friends do not have the resources to attend the trial in Houston is without merit because since his incarceration on March 15, 2017[,] his girlfriend, mother, father, son, sister and cousin have visited him regularly at the Joe Corley Correctional Facility in Conroe, Texas. Gonzalez's parents reside in Alton, Texas, his girlfriend, son and a sister reside in Mission, Texas, another sister and brother-in-law reside in Corpus Christi, a friend resides in Pharr, Texas[,] and another friend resides in Sugarland, Texas.[9]

Although holding trial in Houston will likely be inconvenient for the two moving defendants who resided approximately 350 miles away in or near McAllen, Texas, before their arrests, and conducting trial in Houston will be make it more expensive for the family and friends of these two defendants to attend the trial, seven other defendants have filed oppositions to the requested transfer.

In support of his opposition to transfer, defendant Mendez states that "many of [his] family [members] were able to attend his initial appearance on August 7, 2019, in Houston."[10] Defendant Robles states that "[a]fter reviewing the Government's response, the defense does not oppose the Government's version of facts stated in their response other than his involvement. As such, Mr. Robles requests that his trial be held in the Houston Division

---

[9]Id. at 5 (citing Government's Exhibit 17, Joe Corley Detainee's Visitors History Log of Jose Rolando Gonzalez, Docket Entry No. 1115-17).

[10]Defendant's Opposition to Intra-District Transfer, Docket Entry No. 1122, p. 1.

of the Southern District of Texas."[11]  Robles also states that "[a]ll of his family resides in McAllen including witnesses for or against him are from the area.  His family is poor and has limited income but he has informed counsel that his family will attend his trial if possible."[12]  The five defendants who have filed a joint opposition to the motions to transfer argue that

> there are 32 co-defendants here.  Fifteen (15) of them have entered into agreements with the government, eleven (11) of whom provided statements opposing transfer to McAllen on grounds of their subjective fears for their safety and that of their families should they be brought to McAllen to testify.  Government's Exhibits 26-36.[13]

These five defendants also argue that

> [t]he "location of the defendants" (i.e. not their homes) and the location of their attorneys is in the Houston Division.  As both have been detained, neither faces additional expenses for traveling to Court regardless of the location.  And, neither is employed.

> . . .

> The caselaw urged by Mr. Bueno and Mr. Gonzalez does not support the conclusion that they urge.  *Lipscomb* and *Garza* set out the relevant factors, as the Court has noted.  But, the application of those factors in those cases do not favor transfer.  They both stand for the proposition that it could be an abuse of discretion for the Court to transfer the case over the objection of defendants.[14]

---

[11]Salomon Robles' Response to the Government's Response to Intra-District Transfer, Docket Entry No. 1123, p. 1.

[12]Id.

[13]Opposition to Motion for Transfer to the McAllen Division Pursuant to Local Criminal Rule 18, Docket Entry No. 1125, p. 7.

[14]Id. at 8.

Two of the defendants facing trial in this case seek transfer to the McAllen Division, seven of those defendants and the Government oppose transfer. The only factor for which the defendants seeking transfer provide substantive argument and evidence is the inconvenience and expense that traveling to Houston for trial will cause their family and friends. While the convenience to the two moving defendants and their families and friends weighs in favor of transfer, this factor alone does not provide a sufficient reason to transfer. See Alvarez, 561 F. App'x at 381. Because the convenience that transfer would provide to the two moving defendants is outweighed by the inconvenience that transfer will cause the majority of the remaining defendants who oppose transfer, the court concludes that this factor weighs against granting the motions to transfer.

(b) Convenience of the Witnesses

Neither defendant Bueno nor Gonzalez identify any defense witnesses they intend to call at trial. Although defendants argue that the government's witnesses are likely to consist mostly of law enforcement officers and civilians who reside in the McAllen Division,[15] the Government argues that its trial witnesses reside all over the United States as detailed in Government's Exhibits 1-

---

[15]Bueno's Motion to Transfer, Docket Entry No. 1076, p. 5, and Gonzalez's First Amended Motion to Transfer, Docket Entry No. 1082, p. 5.

16.[16]   The Government states that "[r]egardless of the location of trial, the Government will arrange for and fund travel for its witnesses.  However, trial in Houston would be logistically more convenient for out of town witnesses as the McAllen airport does not offer direct flights from locations [other than] Houston and Dallas."[17]  Citing the Declaration of a Supervisory Deputy United States Marshals Service in McAllen, Texas, the Government asserts that "[t]he [TCB] Enterprise is still flourishing and has a strong presence throughout the South Texas community,"[18] that "[t]he Enterprise also has a strong presence and maintains control of the majority of the local jails and prisons in South Texas,"[19] and that "the risks associated with cooperating defendants, witnesses and victims who will testify on behalf of the Government is far greater if the case be transferred to the McAllen Division."[20]

The five defendants who have filed a joint opposition to the motions to transfer "agree with the government that the Houston Division is far better equipped to handle a case of this size,"[21]

---

[16]Government's Response, Docket Entry No. 1115, pp. 6-7.

[17]Id. at 7.

[18]Id. at 9 (citing Exhibit 40, Docket Entry No. 1115-40).

[19]Id.

[20]Id.

[21]Opposition to Motion for Transfer to the McAllen Division Pursuant to Local Criminal Rule 18, Docket Entry No. 1125, p. 12.

and assert that "[s]afety concerns not only victims and witnesses and cooperators, but remaining co-defendants who have never been or are no longer part of TCB."[22]

Because defendants have not identified any witnesses who would be inconvenienced by trial in Houston, because travel to Houston will be logistically more convenient for out of town witnesses than travel to McAllen, and because the Government and the five defendants who have filed a joint opposition to transfer have cited uncontradicted evidence that risks for cooperating defendants and witnesses who will be testifying on behalf of the Government will be far greater if the case be transferred to the McAllen Division, the court concludes that the convenience of the witnesses factor weighs against granting the motions to transfer.

### (c) Convenience of the Victims

Although several of the victims and their families reside in the McAllen Division, the government asserts without objection that the victims, the Government's confidential sources, and the cooperating defendants all oppose transfer to the McAllen Division for safety reasons. Citing allegations from the Third Superseding Indictment, the Government argues that the TCB

> Enterprise is a violent and ruthless organization that preserves and protects its power through intimidation and violence. A key purpose of the Enterprise is [to]

---

[22]Id.

intimidate, through violence and threat of violence, potential informants, cooperating defendants and witnesses to keep them from cooperating with law enforcement. Members of the Enterprise routinely engage in acts of violence such as murder and attempted murder. The Enterprise has a documented history of retaliating against individuals who cooperate with law enforcement. A key Enterprise rule is never cooperate with law enforcement. Those who are marked for death and the safety of their family members is jeopardized.[23]

Citing, <u>inter alia</u>, FBI reports of interviews of victims and confidential sources, the Government argues that

[d]ue to the violent nature of the [TCB] Enterprise, its documented history of retaliating against witnesses and anticipated publicity this trial will receive in McAllen, . . . all the victims in this case oppose transfer to the McAllen Division for safety reasons.[24]

Because the Government has presented uncontradicted evidence that all of the victims oppose transfer to the McAllen Division due to safety considerations, the convenience of the victims factor weighs against granting the defendants' motions to transfer.


2.   <u>Prompt Administration of Justice</u>

Defendant Gonzalez argues that the prompt administration of justice weighs in favor of transferring this case to McAllen because there is no evidence that transfer to the McAllen Division

---

[23]Government's Response, Docket Entry No. 1115, pp. 7-8 & nn. 17-22.

[24]<u>Id.</u> at 9 & n. 25.

would unduly burden the McAllen courts or delay the trial.[25] Observing that Gonzalez has two retained attorneys, one of whom resides in Houston and one of whom resides in McAllen, the Government acknowledges that "[b]ecause Gonzalez has retained counsel who will remain on the case, a transfer would not delay his individual case."[26] Although based in Houston and appointed, Bueno's attorney "offers to 'travel with the case,'"[27] in order to prevent delay. Gonzalez and Bueno, however, are only two of more than a dozen defendants who are facing a joint trial in this case. The Government asserts without objection that ten of the defendants pending trial have court appointed counsel based in Houston who have represented them since their arrests and with whom attorney-client relationships have been formed. The Government estimates that if the case is transferred to the McAllen Division and attorneys from there are appointed to represent the defendants who now have court-appointed counsel, "it will take at least six months for new counsel to be prepared for trial given the complexity of the charges and the voluminous discovery in this case."[28]

---

[25]Gonzalez's First Amended Motion to Transfer, Docket Entry No. 1082, pp. 6-7.

[26]Government's Response, Docket Entry No. 1115, p. 11.

[27]Bueno's Motion to Transfer, Docket Entry No. 1076, p. 8.

[28]Government's Response, Docket Entry No. 1115, p. 11.

The five defendants who have filed a joint opposition to the
motions to transfer argue that

> [t]ransfer to McAllen would cause significant harm to the
> fairness of the proceedings in that the pool of jurors
> are far more likely to be biased against TCB members due
> to intense media coverage of the decades of investigation
> and prosecution of TCB members that have taken place
> there.  Had the case been located in McAllen at the time
> of the Third Superseding Indictment, at least Mr. de la
> Cerda and possibly other defendants would have filed a
> Motion for change of Venue pursuant to Federal Criminal
> Procedure Rule 21.  The publicity expected to accompany
> this case will further taint potential jury members and
> make it impossible to seat a fair and unbiased jur[y].
> Should the Court order a hearing on the question of
> Transfer, evidence would be proffered that members of the
> public in South Texas are far more likely to fear violent
> crime, more likely to believe their own movements are
> curtailed by the threat of violence; and more likely to
> believe they have family members who have been harmed or
> threatened with harm as a result of the activities of
> alleged criminal organizations.  It is a small community
> and — true or not — lore regarding the TCBs plays a vivid
> part in the public imagination.  Houston, on the other
> hand, is the third largest metropolitan area in the
> country and few, if any, potential jurors have any prior
> familiarity with the TCB.  Where such extraordinarily
> prejudicial publicity can be completely cured by a change
> in venue the Court should grant transfer away from the
> division where the bias is so prevalent.
>
> Several CJA panel attorneys have indicated that they
> would move to withdraw if [the] case [is] transferred,
> including counsel for Mr. Silva in addition to those
> listed on the attachment to this pleading. . . .  Any new
> local counsel would then need time to get up to speed.[29]

The Government asserts and the court agrees that "[i]nsofar as
there is a danger of delay in transferring the trial to the McAllen

---

[29]Opposition to Motion for Transfer to the McAllen Division
Pursuant to Local Criminal Rule 18, Docket Entry No. 1125, pp. 11-
12.

division due to issues of defense counsel representation, the prompt administration of justice factor weighs against intra-district transfer."[30]

### 3. Other Factors

Although Gonzalez does not argue that the court should consider factors other than those factors stated in Rule 18, Bueno argues that factors typically considered with respect to requests for interdistrict transfer under Rule 21 may be considered, and that many of those factors weigh heavily in favor of transfer.[31] Review of Bueno's arguments, however, show that while one of the Rule 21 factors weighs in favor of transfer that factor is a factor also considered under Rule 18. The only factor weighing in favor of transfer is the convenience to the moving defendants and their family and friends. Conducting the trial in Houston, approximately 350 miles from Bueno's pre-arrest residence in McAllen, will be inconvenient for Bueno and his family and friends who reside in the McAllen Division and will have to bear the expense of traveling to Houston to attend the trial. This factor alone, however, does not provide a sufficient reason to transfer. See Alvarez, 561 F. App'x at 381 (finding this factor alone insufficient to reverse a district court's decision to transfer venue over the defendant's

---

[30]Government's Response, Docket Entry No. 1115, p. 11.

[31]Bueno's Motion to Transfer, Docket Entry No. 1076, pp. 11-14.

objection). Moreover, other factors that courts consider under both Rule 18 and Rule 21, which the court has already concluded weigh against transfer, include the convenience of the witnesses, the convenience of the victims, and the prompt administration of justice.

Asserting that "[e]vents pertinent to Bueno's Indictment all occurred in or adjacent to Hidalgo County, Texas,"[32] and that "[n]o act relative to what is charged against him occurred in Houston or surrounding areas, according to the Indictment,"[33] Bueno argues that the location of the events of the case weigh in favor of transfer.[34] The Government responds that

> [a]s detailed in Government's Exhibits 1-16, the Government will present evidence at trial that both Bueno and Gonzalez are members of a racketeering enterprise that engaged in criminal activities not only all over the State of Texas, but also all over the United States. Although some of the violent crimes occurred in South Texas, the Enterprise[] engaged in drug trafficking and money laundering in Houston, Falfurrias, Alice, Victoria, Austin, Waxahachie, Dallas and Mesquite, Texas. The ongoing drug and money laundering conspiracies also involved the distribution of cocaine, heroin, methamphetamine, and marijuana to co-conspirators in Ohio, Oklahoma, Missouri, Indiana and South Dakota and then the repatriation of drug proceeds from those locations back to Enterprise members in South Texas. The TCB's criminal activities also occurred in the country of Mexico. Violent crimes also occurred outside of Texas. The Government will present evidence that Gonzalez along

---

[32] Id. at 13.

[33] Id.

[34] Id.

with four co-defendants, participated in two murders in Indiana on behalf of the Enterprise.

The Government will also present evidence at trail that Bueno himself participated in criminal conduct that occurred outside of McAllen, Texas and in Dallas, Texas, Houston, Texas, Falfurrias, Texas, Oklahoma City and Tulsa, Oklahoma, Arkansas, and St. Louis, Missouri. At trial, the Government will present evidence that Gonzalez personally participated in criminal conduct that occurred in McAllen, Texas, Houston, Texas, Falfurrias, Texas, Mesquite, Texas, Dallas, Texas, Victoria, Texas, Waxahachie, Texas, St. Louis, Missouri, Ft. Wayne, Indiana, Toledo and Columbus, Ohio, Oklahoma City, Oklahoma, and Sioux Falls, South Dakota.[35]

The five defendants who have filed a joint opposition to the motions to transfer argue that "[a]s the government has shown numerous witnesses and pertinent events are located around the State and the country. This case is by no means contained to the McAllen Division."[36]

While many of the defendants' criminal activities allegedly occurred in the McAllen Division, the criminal activities at issue are not confined to the McAllen Division, and are alleged to have occurred elsewhere, including Houston. The location of the alleged conduct therefore weighs against transfer.

The Government also argues that the location of documents and records weigh against transfer because the evidence is all in

---

[35]Government's Response, Docket Entry No. 1115, pp. 11-12.

[36]Opposition to Motion for Transfer to the McAllen Division Pursuant to Local Criminal Rule 18, Docket Entry No. 1125, p. 7.

electronic format and readily portable,[37] that the threat of pre-trial publicity weighs against transfer because with a much smaller jury pool in McAllen it will likely be difficult to empanel a jury with no prior knowledge of the criminal enterprise at issue,[38] and that docket management weighs against transfer because, for the reasons detailed in the declaration of a Supervising Deputy of the United States Marshals Service, transfer would impose not only a hardship but also security risks on the already strained McAllen Division docket and court operations.[39] Bueno does not offer argument or evidence to counter these arguments made by the Government. Instead, Bueno admits that the documents and records are all readily portable because they have all been reduced to electronic format,[40] and acknowledges that he does not have information necessary to evaluate docket conditions.[41] The court concludes therefore that apart from the factor relating to the convenience of the defendant and his family and friends who may want to attend the trial, Bueno has failed to raise any other factors that weigh in favor of transfer.

---

[37]Government's Response, Docket Entry No. 1115, p. 12.

[38]Id. at 12-13.

[39]Id. at 13-14.

[40]Bueno's Motion to Transfer, Docket Entry No. 1076, pp. 13.

[41]Id. at 14.

## C.  **Defendant Bueno's Request for a Hearing**

Bueno's motion to transfer ends with the following request for a hearing: "If the Court deems the Declaration attached to this motion and the records in this case insufficient to demonstrate Defendant is entitled to relief[,] Defendant requests a hearing."[42] Evidentiary hearings are not granted as a matter of course; they are held only when the defendant alleges sufficient facts which, if proven, would justify relief. See United States v. Smith, 546 F.2d 1275, 1279-1280 (5th Cir. 1977); United States v. Poe, 462 F.2d 195 (5th Cir. 1972), cert. denied, 94 S.Ct. 107 (1973). Whether to grant a request for a hearing is a matter within the court's discretion. Poe, 462 F.2d at 197. "An evidentiary hearing is not required where none of the critical facts are in dispute and the facts as alleged by the defendant if true would not justify the relief requested." Smith, 546 F.2d at 1279-1280.

Bueno's motion to transfer contains a lengthy argument why this action should be transferred to the McAllen Division. Yet, almost as an afterthought, the motion ends with a general request for a hearing. For the reasons stated above the court has concluded that the factors the court is to consider when analyzing the motions for transfer weigh against transferring this case to the McAllen Division. Because Bueno's hearing request neither identifies witnesses that could be called to provide useful

---

[42]Id. at 15.

evidence, nor describes how, if given the opportunity, he would augment the arguments and evidence already submitted, the court concludes that Bueno's request for a hearing should be denied.

### III. <u>Conclusions and Order</u>

For the reasons stated in § II.B, above, the court concludes that neither Bueno nor Gonzalez have made any showing of prejudice, and that the balance of factors to be considered when analyzing motions for intradistrict transfer weigh against granting their motions to transfer this case to the McAllen Division. Accordingly, Defendant Mike Bueno's Motion for Trial in the McAllen Division, Docket Entry No. 1076, is **DENIED**; and defendant Jose Rolando Gonzalez's First Amended Motion for Transfer of Case to the McAllen Division Pursuant to Local Criminal Rule 18, Docket Entry No. 1082, is **DENIED**. For the reasons stated in § II.C, above, Bueno's request for a hearing is **DENIED**.

**SIGNED** at Houston, Texas, on this the 15th day of November, 2019.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE